**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In Re:

AVA CELESTE BENJAMIN,

     Debtor.

_____/

CASE NO.   22-11124-AJC

Chapter 13

## MOTION FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY

> **Any interested party who fails to file and serve a written response to this motion within 14 days after the date of service stated in this motion, pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of an order granting the relief requested in the motion.**

Secured creditor, LUGANO CAPITAL, INC., D/B/A "START AUTO FINANCE" ("Movant"), through counsel and pursuant to Rule 4001, Sections 105 and 362, and Local Rule 4001-1,[1] moves for relief from the automatic stay to repossess and sell its secured collateral, and in support states:

     1.     On February 11, 2022 ("Petition Date"), AVA CELESTE BENJAMIN ("Debtor") voluntarily filed for relief under Chapter 13.

     2.     This Court has jurisdiction of this Motion by virtue of Sections 105, 361, and 362 and 28 U.S.C. §§ 157 and 1334.

     3.     On June 26, 2018, Debtor entered into a Retail Installment Contract and Security Agreement ("Agreement"), pursuant to which Movant financed the purchase of a 2008 INFINITI EX35; VIN: JNKAJ09E18M304148 ("Vehicle") from Platina Cars and Trucks, Inc. ("Platina"). A true and correct copy of the Agreement (and assignment) is attached as **Exhibit A**.

---

[1] All references to "Chapter" and "Section" refer to the Bankruptcy Code appearing in Title 11 of the United States Code; all references to a "Rule" refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" refer to the Local Rules of the U.S. Bankruptcy Court for the Southern District of Florida.

4.      Set forth on Page 6 of the Agreement, Platina assigned the Agreement to Movant, who is the Holder of the Agreement.

5.      Pursuant to the terms of the Agreement, Movant retains a security interest in, *inter alia*, the Vehicle and any accessories, equipment and replacement parts installed therein.

6.      Movant's security interest in the Vehicle is perfected as the result of a proper filing with the State of Florida, as duly reflected on the Certificate of Title for the Vehicle, a copy of which is on file with the State of Florida, Motor Vehicle Department.

7.      By virtue of the above, Movant is the holder of a secured claim against Debtor in the amount of $9,919.55 as of the Petition Date. In support thereof, an Affidavit of Indebtedness is attached as **Exhibit B**.

8.      The Debtor continues to use the Vehicle while failing to make post-petition payments. Debtor remains in possession of the control and continues to add wear and tear to the Vehicle.

9.      The Debtor 's Chapter 13 Plan of Reorganization ("Plan") does not adequately provide for the payment of Movant's claim.

10.     According to the NADA, the published value of the Vehicle as of February 15, 2022, is between approximately $2,850 and $4,675. A printout of the NADA valuation is attached as **Exhibit C**.

11.     Debtor's Plan does not cure the arrearages, provide adequate protection, or make accommodation for ongoing payments on the Vehicle. No payments have been made on the Vehicle since September 17, 2021, and no payments were made after the Petition Date. Notwithstanding, Debtor has alleged an intention to retain the Vehicle.

12.     Based on the foregoing, Movant alleges that Movant is not adequately protected, that the Vehicle is not necessary to effectuate Debtor's reorganization, and that it would be unfair and inequitable to delay Movant in the repossession of the Vehicle.

13.     The Vehicle continues to depreciate and is subject to risk of further damage and/or loss.

By its very nature, the Vehicle shall continue to depreciate by their daily use and is also subject to being easily secreted, damaged or destroyed, thereby impairing and reducing the value of Movant's security interest under the Agreement. Further, by its very nature, the Vehicle can be easily removed from this area and the jurisdiction of this court and the local state courts.

14.     Additionally, upon the entry of an order terminating the automatic stay, the Debtor is more likely to take actions detrimental to the Motor Vehicle, including hiding it, damaging it, destroying it, or removing it from this geographic area, thereby impairing Movant's security interest in the Vehicle.

15.     The Debtor has no discernable equity in the Vehicle, Movant is currently under-secured, and said property is not necessary for the Debtor's effective reorganization. Relief from the automatic stays described above is, therefore, warranted under Section 362(d)(2) and Rule 4001(d)(3).

16.     Movant has elected to repossess the Vehicle; however, is precluded from doing so during the pendency of this Bankruptcy Case. Movant alleges that the automatic stay should be lifted for cause pursuant to Section 362(d)(1), as Movant lacks adequate protection of its interest in the Collateral as evidenced by: (a) Debtor's default under the terms of the Agreement by failing to make payments when due and owing thereunder; (b) Debtor's failure to show that the Vehicle is properly and fully insured; and/or (c) the Vehicle, and the value thereof, are in a state of decline and continue to decline due to Debtor's continued possession thereof.

17.     Accordingly, Movant respectfully requests this Court issue an Order granting relief from the automatic stay, permit Movant to immediately proceed with repossession or other action necessary to immediately obtain and sell the secured Vehicle, while reserving Movant the right to file a proof of claim on the unsecured amount.

WHEREFORE, Movant moves the Court for an Order substantially in the form attached as **Exhibit D:** (a) terminating the Automatic Stay imposed by Section 362(a) of the Code; (b) determining that Rule 4001(a)(3) is not applicable and Movant may immediately enforce and implement the stay

relief order to repossess and/or replevy the Vehicle and foreclose Debtor's interest under the Agreement by selling or otherwise disposing of the Vehicle in a commercially reasonable manner and applying the sales proceeds to the indebtedness owed to Movant; and (c) granting such other relief as the Court deems appropriate under the circumstances. Moreover, should Debtor bring the account current prior to the response deadline for Creditor's motion on stay relief, Creditor moves this court for a conditional order providing for stay relief upon any future default in payments to Movant.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated: February 25, 2022.                    Respectfully submitted:

s/ Matthew S. Kish
Matthew S. Kish, Esq.
Fla. Bar No. 491640
Shapiro, Blasi, Wasserman & Hermann, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
Phone: 561.477.7800
Fax: 561.477.7722
Email: mkish@sbwh.law

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2022, a true and correct copy of the foregoing was served upon all parties who are currently on the list to receive email notice/service for this case via the Court's CM/ECF System and/or U.S. mail to the Office of the US Trustee, Nancy K. Neidich, Trustee, Jose A Blanco, Esq., attorney for debtor, and mailed to Debtor, Ava Celeste Benjamin, 2246 NW 61st Street, Miami, FL 33142-7829.

s/ Matthew S. Kish
Matthew S. Kish

FL-103-ARB 10/10/2015

# Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | |
|---|---|---|---|
| PLATINA CARS AND TRUCKS, INC. | AVA C BENJAMIN | No. | 2047 |
| 2290 SOUTH STATE RD. 7 | 2246 NW 61ST STREET | Date | 06/26/2018 |
| MIRAMAR, FL 33023 | MIAMI, FL 33142- | | |
| COUNTY: BROWARD | COUNTY: BROWARD | | |
| PHONE: (954) 505-4573 | PHONE: (786) 380-2955 | | |

Buyers' Month of Birth: September

☐ Business, commercial or agricultural purpose Contract.

**Documentary Stamp Tax.** Florida documentary stamp tax required by law in the amount of $ 35.35 _____ has been paid or will be paid directly to the Florida Department of Revenue. Certificate of Registration No. _____ .

## Truth-In-Lending Disclosure

| **Annual Percentage Rate** The cost of your credit as a yearly rate. | **Finance Charge** The dollar amount the credit will cost you. | **Amount Financed** The amount of credit provided to you or on your behalf. | **Total of Payments** The amount you will have paid when you have made all scheduled payments. | **Total Sale Price** The total cost of your purchase on credit, including your down payment of |
|---|---|---|---|---|
| 23.9900 % | $ 5773.60 | $ 10040.00 | $ 15813.60 | $ 2000.00 $ 17813.60 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 48 | $ 329.45 | MONTHLY Beginning 08/06/2018 |
| N/A | $ N/A | N/A |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 10 days of its due date, you will be charged a late charge of 5% of the unpaid amount of the payment due.

**Prepayment.** If you pay off this Contract early, you may have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2008 | INFINITI | EX35 | 4D SUV RWD | JNKAJ09E18M304148 | 106022 |

Other:

☐ New
☒ Used
☐ Demo

## Description of Trade-In

N/A

## Conditional Delivery

☒ **Conditional Delivery.** If checked, you agree that the following agreement regarding securing financing ("*Agreement*") applies: Conditional Delivery Agreement _____ . The Agreement is part of this Contract. The Agreement will no longer control after the assignment is accepted. If there are any conflicts between the terms of the Agreement and the Contract, the terms of this Contract will apply.

## Sales Agreement

**Payment.** You promise to pay us the principal amount of $ 10040.00 _____ plus finance charges accruing on the unpaid balance at the rate of _____ 23.9900 % per year from the date of this Contract until paid in full. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure*. You also agree to pay any additional amounts according to the terms and conditions of this Contract.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed*.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems ™ VMP®
Wolters Kluwer Financial Services © 2015
FLRSMFAZ.PDF (923A/382) VER: DOTNET 02/18/2016

RSSIMVLFAZFL 10/10/2015
SIMPLE INTEREST   BUYER'S INITIALS AB .   Page 1 of 6

**Exhibit A**

☐ **Loan Processing Fee.** You agree to pay a loan processing fee of

$ N/A _____ that will be ☐ paid in cash.

☐ financed over the term of the Contract.

☒ **Pre-delivery Service Fee.** You agree to pay a pre-delivery service fee of

$ 499.00 _____ that will be ☐ paid in cash.

☒ financed over the term of the Contract. This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles, and preparing documents related to the sale.

☐ **Minimum Finance Charge.** You agree to pay a minimum finance charge of

$ N/A _____ if you pay this Contract in full before we have earned that much in finance charges.

## Itemization of Amount Financed

| | | |
|---|---|---:|
| a. | Price of Vehicle, etc. (incl. sales tax of $ 640.17 _____ ) | $ 10810.65 |
| b. | Pre-delivery service fee | $ 499.00 |
| c. | **Cash Price** (a+b) | $ 11309.65 |
| d. | Trade-in allowance | $ N/A |
| e. | Less: Amount owing, paid to (includes m): N/A | $ N/A |
| f. | Net trade-in (d-e; if negative, enter $0 here and enter the amount on line m) | $ N/A |
| g. | Cash payment | $ 2000.00 |
| h. | Manufacturer's rebate | $ N/A |
| i. | Deferred down payment | $ N/A |
| j. | Other down payment (describe) N/A | $ N/A |
| k. | **Down Payment** (f+g+h+i+j) | $ 2000.00 |
| l. | **Unpaid balance of Cash Price** (c-k) | $ 9,309.65 |
| m. | Financed trade-in balance (see line f) | $ N/A |
| n. | Paid to public officials, including filing fees | $ N/A |
| o. | Insurance premiums paid to insurance company(ies) (See *Insurance Disclosures* section for coverage and benefits types.) | $ N/A |
| p. | Service Contract, paid to: N/A | $ N/A |
| q. | To: STATE - TITLE/TAG/REG. | $ C.O.D. |
| r. | To: STATE - DOC STAMPS | $ 35.35 |
| s. | To: CLASSIC GAP - GAP COV. | $ 695.00 |
| t. | To: N/A | $ N/A |
| u. | To: N/A | $ N/A |
| v. | To: N/A | $ N/A |
| w. | To: | $ N/A |
| x. | To: | $ N/A |
| y. | To: N/A | $ N/A |
| z. | To: N/A | $ N/A |
| aa. | **Total Other Charges/Amts Paid** (m thru z) | $ 730.35 |
| bb. | **Prepaid Finance Charge** | $ N/A |
| cc. | **Amount Financed** (l+aa-bb) | $ 10040.00 |

We may retain or receive a portion of any amounts paid to others.

## Insurance Disclosures

**Credit Insurance.** Credit life and credit disability (accident and health) are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the coverages you have chosen to purchase.

**Credit Life**

☐ Single   ☐ Joint   ☒ None

Premium $ N/A _____ Term N/A _____

Insured N/A _____

**Credit Disability**

☐ Single   ☐ Joint   ☒ None

Premium $ N/A _____ Term N/A _____

Insured N/A _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If "None" is checked, you have declined the coverage we offered.

By: _Ira Benjamin_ 9/15/M2   DOB _____

By: _____   DOB _____

By: _____   DOB _____

**Property Insurance.** You must insure the Property. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $ N/A _____ . If you get insurance from or through us you will pay $ N/A _____ for N/A _____ of coverage.

This premium is calculated as follows:

☐ $ N/A _____ Deductible, Collision Cov.   $ N/A _____

☐ $ N/A _____ Deductible, Comprehensive   $ N/A _____

☐ Fire-Theft and Combined Additional Cov.   $ N/A _____

☐ N/A _____   $ N/A _____

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS CHECKED AND INDICATED.**

*[This area intentionally left blank.]*

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
FLRSMFAZ.PDF (923A/362) VER: DOTNET 02/18/2016

SIMPLE INTEREST   BUYER'S INITIALS A.B.   RSSIMVLFAZFL 10/10/2015
Page 2 of 6

**Exhibit A**

☐ **Single-Interest Insurance.** You must purchase single-interest insurance. The coverage may be obtained from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay
$ N/A _____ for N/A _____
of coverage. This insurance is solely for the interest of the Seller, its successors and assigns, and no protection exists for your benefit. You authorize us to purchase Single-Interest Insurance.

By: AVA C BENJAMIN                                    Date

By: _____    Date _____

By: _____    Date _____

## Additional Protections

You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☐ **Service Contract**
Term          N/A
Price         $ N/A
Coverage      N/A

☒ **Gap Waiver or Gap Coverage**
Term          48 MONTHS
Price         $ 695.00
Coverage      SEE ORIGINAL DOCUMENT - CLASSIC GAP

☐ **N/A**
Term          N/A
Price         $ N/A
Coverage      N/A

By: AVA C BENJAMIN                                    Date

By: _____    Date _____

By: _____    Date _____

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**Purchase of Property.** You agree to purchase the Property from Seller, subject to the terms and conditions of this Contract. Seller will not make any repairs or additions to the Vehicle except as noted in the *Description of Property* section.

You have been given the opportunity to purchase the Property and described services for the Cash Price or the Total Sale Price. The *"Total Sale Price"* is the total price of the Property if you buy it over time.

**Deferment.** We may agree to defer the scheduled due date of all or any part of any installment payment, and will collect a $15.00 fee for such deferment. You must maintain the insurance on the Property required by this Contract during any deferment period. You may extend any optional insurance you bought with this Contract if the insurance company or your insurance contract allows the extension and if you pay the extension charge. In addition to the $15.00 deferment fee and the costs of extending required or optional insurance, you will also be required to pay additional finance charges as a result of exercising the deferment option.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled. The actual amount you will pay will be more if you pay late and less if you pay early.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

You agree that the Property will not be used as a dwelling.

**Prepayment.** You may prepay this Contract in full or in part at any time. We may impose an acquisition charge of $75.00 for services performed in processing this Contract if it is paid in full within 6 months after the Contract's effective date. Any partial prepayment will not excuse any later scheduled payments. If we get a refund of any unearned insurance premiums that you paid, you agree that we may subtract the refund from the amount you owe, unless otherwise provided by law.

**Returned Payment Charge.** If you make any payment required by this Contract that is returned or dishonored, you agree to pay a service charge that is the greater of 5% of the face amount of the instrument, (including orders of payment, debit card orders, or electronic funds transfers), or; $25.00, if the face value of the instrument does not exceed $50.00; $30.00 if the face value exceeds $50.00 but does not exceed $300.00; $40.00 if the face value exceeds $300.00

**Governing Law and Interpretation.** This Contract is governed by the law of Florida and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** You agree that we may from time to time monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account, including a mobile telephone number that could result in charges to you.

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

◆ You fail to perform any obligation that you have undertaken in this Contract.
◆ We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
FLRSMFAZ.PDF (923A/362) VER: DOTNET 02/18/2016

RSSIMYLFAZFL 10/10/2015
SIMPLE INTEREST          BUYER'S INITIALS           Page 3 of 6

**Exhibit A**

If you default, you agree to pay our court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. You also agree to pay reasonable attorneys' fees after default and referral to an attorney not a salaried employee of ours.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

◆ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

◆ We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. You will repay us that amount immediately. That amount will earn finance charges from the date we pay it at the post-maturity rate described in the *Payment* section until paid in full.

◆ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

◆ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.

◆ We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward what you owe us.

◆ Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. You may have a right to recover that property.

If the Property has an electronic tracking device, you agree that we may use the device to find the vehicle.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

◆ You must pay this Contract even if someone else has also signed it.

◆ We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

◆ We may release any security and you will still be obligated to pay this Contract.

◆ If we give up any of our rights, it will not affect your duty to pay this Contract.

◆ If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

◆ You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

◆ You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.

◆ You agree not to remove the Property from the U.S. without our prior written consent.

◆ You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.

◆ You will pay all taxes and assessments on the Property as they become due.

◆ You will notify us with reasonable promptness of any loss or damage to the Property.

◆ You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures* section, or as we will otherwise require. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide the insurance from any insurance provider that is reasonably acceptable to us. Your choice of an insurance provider will not affect the credit decision. We may impose reasonable requirements concerning the extent of coverage and the financial soundness of the insurance provider. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the rate described in the *Payment* section until paid in full.

**Gap Waiver or Gap Coverage.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing Gap Waiver or Gap Coverage to cover the gap liability, subject to any conditions and exclusions in the Gap Waiver or Gap Coverage agreements.

## Arbitration Provision

**PLEASE READ CAREFULLY! By agreeing to this Arbitration Provision you are giving up your right to go to court for claims and disputes arising from this Contract:**

◆ **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN YOU AND US DECIDED BY ARBITRATION, AND NOT BY A COURT OR BY JURY TRIAL.**

◆ **YOU GIVE UP ANY RIGHT THAT YOU MAY HAVE TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER IN ANY CLASS ACTION OR CLASS ARBITRATION AGAINST US IF A DISPUTE IS ARBITRATED.**

◆ **IN ARBITRATION, DISCOVERY AND RIGHTS TO APPEAL ARE GENERALLY MORE LIMITED THAN IN A JUDICIAL PROCEEDING, AND OTHER RIGHTS THAT YOU WOULD HAVE IN COURT MAY NOT BE AVAILABLE.**

You or we (including any assignee) may elect to resolve any Claim by neutral, binding arbitration and not by a court action. *"Claim"* means any claim, dispute or controversy between you and us or our employees, agents, successors, assigns or affiliates arising from or relating to: 1. the credit application; 2. the purchase of the Property; 3. the condition of the Property; 4. this Contract; 5. any insurance, maintenance, service or other contracts you purchased in connection with this Contract; or 6. any related transaction, occurrence or relationship. This includes any Claim based on common or constitutional law, contract, tort, statute, regulation or other ground. To the extent allowed by law, the validity, scope and interpretation of this Arbitration Provision are to be decided by neutral, binding arbitration.

If either party elects to resolve a Claim through arbitration, you and we agree that no trial by jury or other judicial proceeding will take place. Instead, the Claim will be arbitrated on an individual basis and not on a class or representative basis.

The party electing arbitration may choose either of the following arbitration organizations and its applicable rules, provided it is willing and able to handle the arbitration: American Arbitration Association, 1633 Broadway, Floor 10, New York, NY 10019 (www.adr.org) or JAMS, 1920 Main Street, Suite 300 Irvine, CA 92614 (www.jamsadr.com), or it may choose any other reputable arbitration organization and its rules to conduct the arbitration, subject to the other party's approval. The parties can get a copy of the organization's rules by contacting it or visiting its website. If the chosen arbitration organization's rules conflict with this Arbitration Provision, the terms of this Arbitration Provision will govern the Claim. However, to address a conflict with the selected arbitration organization's rules, the parties may agree to change the terms of this Arbitration Provision by written amendment signed by the parties. If the parties are not able to find or agree upon an arbitration organization that is willing and able to handle the arbitration, then the arbitrator will be selected pursuant to 9 U.S. Code Sections 5 and 6.

Customized by Wayne Reeves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
FLRSMFAZ.PDF (923A/362) VER: DCTNET 02/18/2016

SIMPLE INTEREST

**Exhibit A**

BUYER'S INITIALS _A. B._

RSSIMVLFAZFL 10/10/2015

Page 4 of 6

The arbitration hearing will be conducted in the federal district where you reside unless you and we otherwise agree. Or, if you and we agree, the arbitration hearing can be by telephone or other electronic communication. The arbitration filing fee, arbitrator's compensation and other arbitration costs will be paid in the amounts and by the parties according to the rules of the chosen arbitration organization. Some arbitration organizations' rules require us to pay most or all of these amounts. If the rules of the arbitration organization do not specify how fees must be allocated, we will pay the filing fee, arbitrator's compensation, and other arbitration costs up to $5,000, unless the law requires us to pay more. Each party is responsible for the fees of its own attorneys, witnesses, and any related costs, if any, that it incurs to prepare and present its Claim or response. In limited circumstances, the arbitrator may have the authority to award payment of certain arbitration costs or fees to a party, but only if the law and arbitration organization rules allow it.

An arbitrator must be a lawyer with at least ten (10) years of experience and familiar with consumer credit law or a retired state or federal court judge. The arbitration will be by a single arbitrator. In making an award, an arbitrator shall follow governing substantive law and any applicable statute of limitations. The arbitrator will decide any dispute regarding the arbitrability of a Claim. An arbitrator has the authority to order specific performance, compensatory damages, punitive damages, and any other relief allowed by applicable law. An arbitrator's authority to make awards is limited to awards to you or us alone. Claims brought by you against us, or by us against you, may not be joined or consolidated in arbitration with claims brought by or against someone other than you, unless agreed to in writing by all parties. No arbitration award or decision will have any preclusive effect as to issues or claims in any dispute with anyone who is not a named party to the arbitration.

Any arbitration award shall be in writing, shall include a written reasoned opinion, and will be final and binding subject only to any right to appeal under the Federal Arbitration Act ("FAA"), 9 U.S. Code Sections 1, et seq. Any court having jurisdiction can enforce a final arbitration award. You and we agree that this Arbitration Provision is governed by the FAA to the exclusion of any different or inconsistent state or local law.

You or we can do the following without giving up the right to require arbitration: seek remedies in small claims court for Claims within the small claims court's jurisdiction, or seek judicial provisional remedies. If a party does not exercise the right to elect arbitration in connection with any particular Claim, that party still can require arbitration in connection with any other Claim.

This Arbitration Provision survives any (i) termination, payoff, assignment or transfer of this Contract, (ii) any legal proceeding by you or us to collect a debt owed by the other, and (iii) any bankruptcy proceeding in which you or we are the debtor. With but one exception, if any part of this Arbitration Provision is deemed or found to be unenforceable for any reason, the remainder of this Arbitration Provision will remain in full force and effect. The one exception is that if a finding of partial unenforceability would allow arbitration to proceed on a class-wide basis, then this Arbitration Provision will be unenforceable in its entirety.

**PROCESS TO REJECT THIS ARBITRATION PROVISION.** You may reconsider and reject your approval of this Arbitration Provision by sending a written notice to the Assignee (identified in the Assignment section) or if there is no Assignee, then to Seller. The notice must be postmarked within 30 days of the date you signed this Contract. It simply needs to state your decision to reject the Arbitration Provision in this Contract and include your signature. It must also provide your name, Seller's name and the date of this Contract. Rejecting this Arbitration Provision will **NOT** affect the terms under which we will finance and sell the Property to you or any other terms of this Contract, except that the Arbitration Provision will not apply.

**CAUTION: It is important that you read this Arbitration Provision thoroughly before you sign this Contract. By signing this Contract, you acknowledge that you read, understand and agree to this Arbitration Provision. If you do not understand this Arbitration Provision, do not sign this Contract; instead ask your lawyer. If you approve this Arbitration Provision, you have an additional 30 days after signing to reconsider and reject your approval, as described above. If you use that process to reject, this Arbitration Provision will not be a part of this Contract, but the rest of this Contract will still be binding and effective.**

## Notices

Note. If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**If you are buying a used vehicle: The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.**

**Sí compra un vehículo usado: La información que ve adherida en la ventanilla forma parte de éste contrato. La información contenida en el formulario de la ventanilla prevalece por sobre toda otra disposición en contrario incluida en el contrato de compraventa.**

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, "*you*" means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

| By: | Date |
|---|---|

Signature of Third Party Owner (NOT the Buyer)

*[This area intentionally left blank.]*

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Wolters Kluwer Financial Services © 2015
FLRSMFAZ.PDF (923A/362) VER: DOTNET 02/18/2016

SIMPLE INTEREST    BUYER'S INITIALS    RSSFLVLFAZFL 10/10/2015    Page 5 of 6

**Exhibit A**

## Arbitration Provision and Process to Remove

This Contract contains an Arbitration Provision that <u>affects your rights</u>. By signing this Contract, you agree that either of us may request and require the other to resolve disputes or claims through arbitration instead of a lawsuit. The Arbitration Provision includes a process you can follow in the next 30 days if you reconsider and want to reject the Arbitration Provision.

**By initialing this section, you confirm that you read, understand and agree to the Arbitration Provision in this Contract, including the process to reject it.**

Buyer initials: __A.B.__  _____  _____

## Acknowledgment for Electronic Signatures

☐ **Electronic Signature Acknowledgment.** You agree that (i) you viewed and read this entire Contract before signing it, (ii) you signed this Contract with one or more electronic signatures, (iii) you intend to enter into this Contract and your electronic signature has the same effect as your written ink signature, (iv) you received a paper copy of this Contract after it was signed, and (v) the authoritative copy of this Contract shall reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in the electronic form or as a paper version of that electronic form which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of that electronic form. You may enforce the paper version of the Contract copy that you received.

## Signature Notices

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

## Signatures

**Entire Agreement.** Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

By: _Ava Benjamin_   __6/26/18__
AVA C BENJAMIN          Date

By: _____   _____
                                Date

By: _____   _____
                                Date

---

**Notice to Buyer.** a. Do not sign this Contract before you read it or if it contains any blank spaces. b. You are entitled to an exact copy of the Contract you sign. Keep it to protect your legal rights.

By signing below, you agree to the terms of this Contract. You received a copy of this Contract and had a chance to read and review it before you signed it.

**Buyer** AVA C BENJAMIN

By: _Ava Benjamin_  6/26/18
AVA C BENJAMIN              Date

By: _____   _____
                                Date

By: _____   _____
                                Date

**Seller** PLATINA CARS AND TRUCKS, INC.

By: _Melo Moreau_  06/26/1
                        Date

**Assignment.** This Contract and Security Agreement is assigned to
START AUTO FINANCE
6600 TAFT STREET  STE 200, HOLLYWOOD, FL 33024-
the Assignee, phone (609) 792-7031 _____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐ This Assignment is made with recourse.

**Seller** PLATINA CARS AND TRUCKS, INC.

By: _Melo Moreau_  6/26/18
                        Date

---

Customized by Wayne Reaves Computer Systems, Inc.
Retail Installment Contract-FL Not for use in transactions secured by a dwelling.
Bankers Systems™ VMP®
Walters Kluwer Financial Services © 2015
FLRSMFAZ.PDF (923A/382) VER: DOTNET 02/18/2016

SIMPLE INTEREST        BUYER'S INITIALS __A.B.__ , Page 6 of 6

RSSIMVDFAZFL 10/10/2015

**Exhibit A**



**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**www.flsb.uscourts.gov**

In Re:

                               **CASE NO.   22-11124-AJC**

**AVA CELESTE BENJAMIN,**

                               **Chapter 13**

      **Debtor.**

_____/

## AFFIDAVIT OF INDEBTEDNESS

I, ODALYS DIPP, being duly sworn, state that:

1.      As to the following facts, I know them to be true of my own personal knowledge, and if called upon to testify in this action, I could and would testify competently thereto.

2.      I am an Assistant General Manager with LUGANO CAPITAL, INC., D/B/A "START AUTO FINANCE" ("Movant"), who is most familiar with the subject agreement in favor of Movant and the ongoing bankruptcy litigation herein.

3.      I am the custodian of the business records of Movant, which records (i) were made or near the time by, or from information transmitted by, a person with knowledge; (ii) are kept in the course of a regularly conducted business activity; and (iii) are made as a regular practice of that business activity.

4.      On June 26, 2018, Debtor entered into a *Retail Installment Contract and Security Agreement* ("Agreement"), pursuant to which Movant financed the purchase of a 2008 INFINITI EX35; VIN: JNKAJ09E18M304148 ("Vehicle") from Platina Cars and Trucks, Inc. ("Platina"). As set forth on Page 6 of the Agreement, Platina assigned the Agreement to Movant, who is the Holder of the Agreement.

5.      On or about February 11, 2022, AVA CELESTE BENJAMIN ("Debtor") commenced the instant Chapter 13 bankruptcy proceeding in this Court.

**Exhibit B**

**Exhibit B**

6.      With respect to the Agreement, the following is due and owing:

Unpaid Principal Balance:                    $7,757.18
Arrearage (including late charges):          $2,162.37
**Total Arrearages:**                        **$9,919.55**

7.      Movant has elected to initiate repossession proceedings on the Vehicle; however,

it is precluded from proceeding with the repossession action during the pendency of this

bankruptcy.

_____
ODALYS DIPP

STATE OF FLORIDA            )
                            )    ss:
COUNTY OF Broward           )

I HEREBY CERTIFY that the foregoing instrument was acknowledged before me by means of
[✓] physical presence or [ ] online notarization this February 25th , 2022, by ODALYS
DIPP, [✓] who is personally known to me, or [ ] who produced _____ as
identification and who executed the foregoing instrument and acknowledged before me that he/she
executed the same for the purposes therein expressed.

WITNESS my hand and official seal in the County and State last aforesaid this 25th day of
February , 2022.

Notary Public, State of Florida

Print: Iris Guzman

Sign: Iris Guzman

My Commission Expires

Notary Public State of Florida
Iris M Guzman
My Commission HH 018482
Expires 07/07/2024

**Exhibit B**

**Exhibit B**

 

# 2008 INFINITI EX35 Prices and Values

## Wagon 4D Journey 2WD

⇄ CHANGE CAR      ⊕ COMPARE



📷 View more photos & video (4)

See other trim levels

| Wagon 4D Journey 2WD ⌄ |
| --- |

## Values & Cost Details ⓘ

**Pricing**          **Cost to Own**



**Exhibit C**

## Rough Trade-In

| | |
|---|---:|
| Base Price | $3,025 |
| Mileage (179,000) | -$175 |
| Total Base | $2,850 |
| Options | N/A |
| | **$2,850** |

## Average Trade-In

| | |
|---|---:|
| Base Price | $4,025 |
| Mileage (179,000) | -$175 |
| Total Base | $3,850 |
| Options | N/A |
| | **$3,850** |

## Clean Trade-In

| | |
|---|---:|
| Base Price | $4,850 |
| Mileage (179,000) | -$175 |
| Total Base | $4,675 |
| Options | N/A |
| | **$4,675** |

Sell my car fast. **Get Offer.**

## Clean Retail

| | |
|---|---:|
| Base Price | $7,225 |
| Mileage (179,000) | -$175 |
| Total Base | $7,050 |
| Options | N/A |
| | **$7,050** |

**Options** (<u>add</u>)

**Exhibit C**

# Used 2008 INFINITI EX35 Near You

**4 found**                                                                    **View All**

2008 EX35 listings within 50 miles of your ZIP code.



**2007 Porsche 911 Turbo**
Mileage: 28,901
Location: 2 miles away



**2008 Toyota Tundra 2WD Truck SR5**
Mileage: 223,019
Location: 3 miles away



**2009 Mercedes-Benz SL-Class V8**
Mileage: 68,137
Location: 3 miles away



**2007 Ferrari 430 2dr Convertible Spider**
Mileage: 21,661
Location: 3 miles away

**J.D. POWER**                                                                 **Go**

## Vehicle History Report

### Get answers to buy with confidence. Save when you purchase multiple reports.

✓ Check whether an accident has been reported on the vehicle
✓ Check for severe damage, salvage, and theft



**VEHICLE IDENTIFICATION NUMBER**

Vehicle Identification Number


Powered by AutoCheck
A part of Experian                                                             **Get Report**


**Get Car Price Change Alerts**                    Email address          **Notify Me**

**Exhibit C**

Privacy Policy   Additional Alerts ⌄

## GEICO Car Insurance

15 minutes could save you 15% or more on car insurance.

## Free Dealer Price Quotes

Get free quotes from dealers near you.

Get A Quote  ›

## New & Used Auto Loans

Compare real, custom loan offers from multiple lenders in minutes!



Find Your Best Rates  ›

## Recommended Competitors

Recommended vehicles based on NADAguides.com audience feedback. The values listed below are based on MSRP and does not include any incentives, trade-in, options, or other adjustments.

**2021 Subaru Crosstrek Hybrid**          **2021 Subaru Crosstrek**

                      

**Exhibit C**

$632/month
$503 more

$422/month
$293 more

**See Full Comparison**

# New & Used Car Search

Select from one or more dropdowns below, to find the right car for you. You can filter by car price, year, and make. For a more robust search, navigate to our official Car Finder Tool.

Price

| All Prices | ⌄ |
| --- | --- |

Year

| All Years | ⌄ |
| --- | --- |

Make

| All Makes | ⌄ |
| --- | --- |

**See all cars**

## Popular INFINITI Models

INFINITI Q50

INFINITI QX80

INFINITI QX50

INFINITI QX60

INFINITI Q60

INFINITI QX55

INFINITI QX30

INFINITI Q70

## Popular INFINITI Vehicles

2022 INFINITI QX80

2022 INFINITI Q50

2022 INFINITI QX60

2022 INFINITI QX50

2022 INFINITI QX55

2021 INFINITI QX50

2021 INFINITI Q50

2020 INFINITI QX60

**Exhibit C**

Case 8:21-cv-01324-AJC   Doc 19   Filed 02/25/22   Page 20 of 22

INFINITI Q70L                                  2020 INFINITI Q50

INFINITI QX70                                  2020 INFINITI QX50

## Car Shopping Guides                         ## Cars By Price

10 Most Popular Small Cars                     Under $15,000

10 Most Popular Hatchbacks an...               $15,000 - $25,000

10 Most Popular Trucks                         $25,000 - $35,000

10 Most Popular Midsize SUVs ...               $35,000 - $45,000

10 Most Popular Luxury Cars                    $45,000 - $55,000

Most Reliable 2017 Trucks                      $55,000 - $65,000

2019 Vehicle Dependability: Mo...              $65,000 - $75,000

Most Reliable 2016 Crossovers ...              Over $75.000

10 Most Popular Luxury SUVs a...

10 Most Popular Large SUVs an...

© 2022 J.D. Power. All rights reserved. ® A registered trademark of the National Automobile Dealers Association, under license to J.D. Power. Powered By Chrome Data

**Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In Re:

AVA CELESTE BENJAMIN,

     Debtor.

_____/

CASE NO.   22-11124-AJC

Chapter 13

<u>**ORDER GRANTING RELIEF FROM AUTOMATIC STAY**</u>

     THIS CASE came before the Court on _____, 2022 at _____ am/pm on the Motion for Relief from the Automatic Stay ("Motion") [ECF #____], filed by LUGANO CAPITAL, INC., D/B/A "START AUTO FINANCE" ("<u>Movant</u>"), and based on the record, there being no objections to the entry of this Order and the Court being otherwise fully advised in the premises, the Court finds good cause for granting same. Accordingly, it is:

     **ORDERED**:

     1.     Movant's Motion is granted.

     2.     Relief from the automatic stay imposed by 11 U.S.C. § 362 is granted so that the Movant may proceed with the repossession and disposition of the 2008 INFINITI EX35; VIN: JNKAJ09E18M304148 ("<u>Vehicle</u>").

**Exhibit D**

3.      The entry of this Order shall be deemed to constitute relief from the automatic stay as to any interest the Chapter 13 Trustee may have in the Vehicle.

4.      The relief granted herein permits Movant to take action against the Vehicle only and does not permit Movant to obtain in personam relief against Debtor.

5.      Movant may contact Debtor directly to initiate communications, including, but not limited to, provide any and all notices required by state law.

6.      Movant may file a Proof of Claim on the unsecured amount of its claim.

# # #

Submitted by:

Matthew S. Kish, Esq.
Shapiro Blasi Wasserman Hermann P.A.
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Phone: 561-477-7800
Email: mkish@swbh.law
*Attorneys for Movant*

Copies to: Matthew Kish, Esq.
(Attorney Kish is directed to serve a copy of this order on all interested parties and to file a proof of service within three days of the entry of the order).

**Exhibit D**